## Gill v. Devlin

*Alexander A. DiSanti,* for plaintiffs.
*Alvin S. Ackerman,* for defendants.

REED, JR., *J.*, January 16, 1981—This case arises on plaintiff's petition to permanently enjoin the Township of Upper Darby from noncompliance with the civil service requirements of The First Class Township Code of June 24, 1931, P.L. 1206, 53 P.S. § 55625, with respect to promotions within the police department, and to rescind those appointments made since the adoption of Upper Darby's Home Rule Charter without adherence to those requirements.

Plaintiffs are township police officers. Defendants are the township superintendent of police, the mayor, the treasurer and four police officers who were promoted on August 1, 1976 and February 6, 1980 by the township without following the procedures set out in the civil service requirements of the Township Code, 53 P.S. §55625.

Upper Darby Township had long been a first class township conforming to The First Class Township Code of June 24, 1931, P.L. 1206, 53 P.S. §55101 et seq. On May 21, 1974 pursuant to the provisions of the Act of April 13, 1972, P.L. 184, as amended, 53 P.S. §1-101 et seq., known as the Home Rule Charter and Optional Plans Law, the electors of Upper Darby Township approved a home rule charter under which the township would thereafter be governed, effective January 1, 1976.

The four officer-defendants were thereafter granted promotions without first being certified to the appointing authority from an eligible list submitted by a civil service commission: the Township Code, 53 P.S. §55625.

At the hearing both sides agreed to the facts stated and that the issue for the court's determination required only that we respond to the legal question: Does Upper Darby Township remain subject to the civil service requirements of the Township Code after its adoption of a home rule charter, which is silent on the subject of civil service?

No testimony was offered; instead, counsel presented oral argument and filed written briefs in support of their positions.

So far as we are able to ascertain there has been no appellate court pronouncement on the subject. However, Hopper v. Richland Township, 6 D. & C. 3d 96, 101 (1978), decided in Allegheny

County and addressing generally the same subject is persuasive and representative of the reasoning we here pursue.

Upper Darby Township takes the position that the legislature by enactment of the Home Rule Charter and Optional Plans Law of 1972, as amended, vested in local municipalities the power to control their internal affairs, including dominion over their police departments, encompassing the unrestricted appointment and promotion of police officers.

Plaintiffs on the other hand maintain that this interpretation represents a violation of the Home Rule Charter Act, 53 P.S. §1-302(b)(v), which forbids a municipality from enacting: "[A]ny provision inconsistent with any statute heretofore enacted by the General Assembly *affecting the rights, benefits or working conditions of an employe* of a political subdivision of the Commonwealth." (Emphasis supplied.)

The Pennsylvania Constitution of 1968 provides in Article 9, section 2, that a municipality with a home rule charter may perform any function not denied by the Constitution, the charter, or the General Assembly. By enactment of section 1-302, supra, the legislature set out an area wherein its statutes would continue to control in all municipalities in the Commonwealth.

The Charter Act, supra, forbids the township from enacting any provision affecting the rights, benefits, or working conditions of an employe. The Upper Darby Home Rule Charter's silence on civil service represents compliance with this mandate. However, the township's actions represent acts without authority and violate the constitutional prohibition, Pa. Const., Art. 9, §2, that a municipal-

ity may not perform any function denied by the Legislature.

We conclude therefore that the township may not evade the civil service requirement of the Township Code under any home rule charter. The civil service requirements of the Township Code are binding upon the municipality because they so plainly affect the rights, benefits and working conditions of, in this instance, the police. In fact these are precisely what the civil service sections of the code are all about.

Upper Darby Township cannot promote any police officer contrary to or without following the civil service provisions of the Township Code, and any such contrary promotion is illegal.

Accordingly, the appointments of defendants William Gordon, John Morris, Anthony Celia and John Clay violate the provisions of The First Class Township Code, 53 P.S. §§55635, 55638, 55641 and 55642, as they apply under the Home Rule Charter Act. And to that end we will so order.

## ORDER

And now, January 16, 1981, after argument by the parties and review of the respective briefs it is hereby ordered and decreed nisi as follows:

1. That the appointment/promotion of William Gordon in January of 1977 from Sergeant of Detectives to acting Lieutenant of Police; the appointment/promotion of Anthony Celia and John Morris on February 11, 1980 from Lieutenant of Police to acting Captain of Police; and the appointment/promotion of John Clay on February 11, 1980 from Police Sergeant to acting Lieutenant of Police all violate the Civil Service Provisions of The First Class Township Code as set forth in 53 P.S.

§§55635, 55638, 55641 and 55642. Therefore, those positions are declared vacant and defendant officers are hereby returned to their previous positions under the presently applicable and appropriate pay scales in the Police Department of the Township of Upper Darby.

2. That the Township of Upper Darby must comply with the civil service requirements of The First Class Township Code concerning appointments to fill the vacancies created by this Order and as well all future appointments and promotions.

3. That defendants shall suffer no liability or surcharge against the salaries which were previously paid to defendant officers, since defendant officers have performed the duties for which they were compensated even though improperly appointed.

If exceptions are not filed by either party within ten days from this date, the Director of Judicial Support (Prothonotary) on praecipe shall enter this as the final decree of this court: Pa.R.C.P. 1519.